IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RHAMOND BOLDEN,<br><br>Defendant. | Case No. CR13-0040<br><br>ORDER FOR PRETRIAL DETENTION |

On the 1st day of July, 2013, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Special Assistant United States Attorney Lisa C. Williams. The Defendant appeared personally and was represented by his attorney, Michael K. Lahammer.

## I. RELEVANT FACTS AND PROCEEDINGS

On June 5, 2013, Defendant Rhamond Bolden was charged by Indictment (docket number 2) with being a drug user in possession of a firearm. At the arraignment on June 27, 2013, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on August 26, 2013.

At the hearing, Cedar Rapids Police Officer John O'Brien testified regarding the circumstances underlying the instant charge.[1] On April 7, 2013, law enforcement received a call of "shots fired" in the area of 15th Street and 11th Avenue in Cedar Rapids, Iowa. At the scene, officers located three suspects. One of the suspects had been shot, and the

---

[1] O'Brien is currently assigned to the Investigations Division and the FBI Safe Streets Task Force.

1

other two suspects were taken into custody. According to the suspects in custody, an individual dressed in black started shooting at them with a long gun, and they fled from this individual once he started shooting. Defendant was one of the suspects and denied having a gun.

Eyewitnesses also described a shooter with dreadlocks, wearing a white T-shirt, and who fired a pistol. This description matched Defendant, and the eyewitnesses later identified Defendant as the shooter with the pistol. A surveillance video from a house in the area where the shooting occurred showed Defendant walk into the side yard and drop something on the ground. Law enforcement later found marijuana and cocaine in the side yard. Defendant also went off camera for about 5 to 10 seconds, and officers found a pistol on the ground in that area. Additionally, officers found shell casings, and one of the casings matched the brand of bullets which were found loaded in the pistol.[2] Officers also found Defendant's cell phone in the area where the shell casings were found. No identifiable fingerprints were found on the gun. Defendant was taken to the Cedar Rapids Police Department for further questioning, and admitted using marijuana, but denied possessing the pistol.

Officer O'Brien also testified to another shooting incident involving Defendant in January 2013. Defendant was shot in the leg outside a bar in the Czech Village area in Cedar Rapids. Defendant told law enforcement that he did not know who shot him.

According to the pretrial services report, Defendant is 19 years old.[3] He was born in Cedar Rapids, where he has lived for most of his life. Defendant told the pretrial

---

[2] The pistol contained more than one brand of ammunition. Ballistics testing to determine if the shell casing came from the pistol are not complete.

[3] Defendant will be 20 in one month.

2

services officer that in 2011, he lived with his sister in Ft. Lauderdale, Florida.[4] At the time of his arrest, Defendant was living with his brother, Austin Hickok, in Cedar Rapids.[5] Hickok told the pretrial services officer that if released, Defendant could continue to live at his residence. Defendant has never been married, but his girlfriend is pregnant and expected to deliver their first child very soon.

Defendant told the pretrial services officer that he was scheduled to begin working for a local moving company, but he was arrested on the instant federal charge before he could start working.[6] Prior to the moving company job, Defendant stated that he worked landscaping jobs and was paid "under the table." Other than surgery on his leg following the January 2013 shooting, Defendant is in good physical health. He reported no problems with mental or emotional health. Defendant told the pretrial services officer that since age 18, he has smoked marijuana regularly on weekends. His last use was three weeks prior to his arrest on the alleged instant offense.

Defendant has a limited criminal record. On May 23, 2012, Defendant was charged and later convicted of interference with official acts. On April 7, 2013, Defendant was charged with two separate counts of possession of a controlled substance. Those charges remain pending in state court.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the

---

[4] O'Brien testified that in January and February 2013, following the incident where Defendant was shot in the leg, he spoke with Defendant's mother who said Defendant had been living with her in Florida before he returned to Cedar Rapids.

[5] Defendant has another brother who lives in Florida with their mother.

[6] Curiously, Defendant was unable to identify the name of the moving company where he was going to start working.

United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

## A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f).

4

A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with being a felon in possession of a firearm. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(E).

Regarding the second step, the weight of the evidence against Defendant is fairly strong. Defendant was involved in a shooting on April 7, 2013, where one of his companions was shot in the back. Defendant claims that someone shot at them and they fled, but eyewitnesses identified Defendant as an individual shooting a pistol. Surveillance video shows Defendant walking into a side yard and dropping marijuana and cocaine in the yard. Defendant also walked off camera for 5 to 10 seconds, and law enforcement later found a pistol in the area where he walked. Additionally, law enforcement found

Defendant's cell phone near shell casings from the shooting. One of the shell casings matched the brand of bullets loaded in the pistol.

Defendant's mother and two of his three siblings live in Florida. Defendant lived in Florida within the last year or two. Defendant lacks a stable residence and stable employment. By his own admission, Defendant continued to use drugs after he was charged with two drug offenses in state court in April 2013. The Court is most concerned, however, by the fact that Defendant was involved in two shootings within the span of three months, the January 2013 incident where he was shot in the leg, and the April 2013 incident which gives rise to the instant federal charge. Based on all the facts and circumstances, the Court has no confidence that Defendant would comply with the terms and conditions it would impose if he were released, to assure his appearance in court, or assure the safety of the community. Accordingly, based on the serious nature and events underlying the offense, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (June 27, 2013) to the filing of this Ruling (July 1, 2013) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 1st day of July, 2013.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA